**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DUAL TRUCKING, INC. AND DUAL TRUCKING AND TRANSPORTATION, LLC, (FORMERLY CAPITAL TRANSPORTATION LOGISTICS, LLC) Plaintiffs** | **CIVIL ACTION NO: 13-cv-2523** |
| **Versus** | **JUDGE: HELEN G. BERRIGAN** |
| **JC INSTRIDE, INC., UNIFIED OILFIELD GROUP, LLC AND ACTION FRAC FLUIDS, LLC Defendants** | **MAG. JUDGE: DANIEL E. KNOWLES** |

## ORDER AND REASONS[1]

Plaintiffs, Dual Trucking, Inc. and Dual Trucking and Transportation, LLC ("Plaintiffs"), filed a motion to remand this action to the 32nd Judicial District Court for the Parish of Terrebonne from where it was removed. Rec. Doc. 6. Defendants, JC Instride, Inc. and Unified Oilfield Group, LLC ("Defendants"), oppose the motion. Rec. Doc. 9. Having considered the memoranda of counsel and the law, the motion to remand is DENIED for the following reasons.

## I. BACKGROUND

Plaintiffs, in the business of providing vacuum services for the oil and gas industry ("Equipment Services"), entered into a Commission, Service, and Non-Compete Agreement ("the Contract") with Defendants. Rec. Doc. 1-2 at 3-4. Plaintiffs allege that prior to and at the time that the Plaintiffs and Defendants executed the Contract, Defendants represented and agreed to provide Plaintiffs with (1) a base of operations for Equipment Services, (2) living quarters for Plaintiffs'

---

[1] William Fullwood, a third-year student at Fordham University Law School, assisted in the preparation of this Order and Reasons.

1

truck drivers, (3) customers with Master Service Agreements in need or potentially in need of Equipment Services in the states of North Dakota and Montana, and (4) a salesman to acquire new customers and to service existing customers in need of Equipment Services. Rec. Doc. 1-2 at 4-5. Plaintiffs allege that by the terms of the Contract, Defendants agreed, inter alia, (1) to share contact information of Defendants' existing and potential customers who were in need or may have needed Equipment Services, (2) to exclusively refer to plaintiffs any Equipment Services performed in the states of North Dakota and Montana, and (3) to allow Plaintiffs to hire Defendants' employees in furtherance of Defendants' alleged obligation to provide a salesman. Rec. Doc. 1-2 at 4-5.

Plaintiffs allege that Defendants did not perform their obligations under the Contract. Rec. Doc. 1-2 at 7. Plaintiffs also allege that Defendants misrepresented themselves in a number of ways, and that the combination of lack of performance and misrepresentation entitle Plaintiffs to rescission of the Contract, damages, and attorney fees. Rec. Doc. 1-2 at 7-9. Plaintiffs filed a petition for rescission and dissolution of the Contract and for breach of the Contract with the 32nd Judicial District Court for the Parish of Terrebonne. Rec. Doc. 1-2.

Defendants filed a timely notice of removal to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. §1446(b). Rec. Doc. 1. Defendants stated that removal was proper pursuant to 28 U.S.C. §1332 and §1441, alleging complete diversity of citizenship and an amount in controversy over $75,000. Rec. Doc. 1. Plaintiffs' motion to remand followed. Rec. Doc. 6.

## II. LAW AND ANALYSIS

Plaintiffs seek a judgment ordering the return of commissions paid to Defendants in 2011 and 2012 totaling $343,812.77. Rec. Doc. 1-2 at 10. Therefore, the amount in controversy exceeds

$75,000.  The basis of Plaintiffs' motion to remand is that Defendants contractually waived the right of removal.  Rec. Doc. 6 at 2.

"For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right."  *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443 (5th Cir. 2009) (quoting *City of New Orleans v. Mun. Admin. Services, Inc.*, 376 F.3d 501, 504 (5th Cir.2004), for the "unequivocal expression rule").  *See also McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir. 1991) (citing several circuit and district court cases utilizing the "unequivocal expression rule").  However, "it need not include explicit words such as 'waiver of right of removal.'"  *City of New Orleans v. Mun. Admin. Services, Inc.*, No. Civ. A. 02-0130, 2002 WL 1870028, at *1 (E.D.La. Aug. 14, 2002) (quoting *Waters v. Browning-Ferris Industries, Inc.*, 252 F.3d 796, 797 (5th Cir. 2001)).  "A party may waive its rights by . . . allowing the other party to choose venue or by establishing an exclusive venue within the contract."  *City of New Orleans*, 376 F.3d at 504.  "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."  *Id.* (citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956-57 (5th Cir. 1974)).  Intent is determined through an analysis of the language of the forum selection clause.  *See Ensco Int'l, Inc.*, 579 F.3d at 443; *City of New Orleans*, 376 F.3d at 504*; Waters*, 252 F.3d at 797.

Plaintiffs rely entirely on *Waters* in support of their motion to remand.  Rec. Doc. 6-1 at 2-3.  The language of the forum selection clause in the *Waters* contract was similar to the language in the clause at issue here.  *Id.* at 797; Rec. Doc. 6-1 at 2.  The clause in *Waters* that established the Defendant's consent to jurisdiction in the State of Texas read:

> [Defendant] irrevocably (i) agrees that any such suit, action, or legal proceeding may be brought in the courts of such state or the courts of the United States for such state, (ii) consents to the jurisdiction of each such court in any such suit, action or legal proceeding and (iii) waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any such courts.

*Waters*, 252 F.3d at 797. The relevant language in the forum selection clause at issue in the present case reads:

> Any suit, action or proceeding brought in connection with this Agreement or any of the Ancillary Agreements shall be brought exclusively in the courts of the State of Louisiana, in Terrebonne Parish, or the federal courts in the Eastern District of Louisiana. Each of the parties (i) consents to the exclusive jurisdiction of such courts (and of the appropriate appellate courts therefrom) in any such suit, action or proceeding, (ii) irrevocably waives to the fullest extent permitted by Law, any objection which it may now or hereinafter have to the laying of venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding which brought in any such court has been brought in an inconvenient forum, (iii) will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court, and (iv) will not bring any such suit, action or proceeding in any other court.

Rec. Doc. 6-1 at 9. Plaintiffs urge this Court to grant remand based on the *Waters* court's ruling that the language in the forum selection clause constituted a waiver of the Defendants' right of removal. *Waters*, 252 F.3d at 797. While the language of the *Waters* clause and the clause here is similar, it is the differences in construction of those clauses that compels this Court to find the denial of remand appropriate.

First, the term "irrevocably" is used differently in the two clauses. In *Waters*, the forum selection clause expressed the defendant's (1) irrevocable agreement to hold legal proceedings within specific courts; (2) irrevocable consent to the jurisdiction of those courts; and (3) irrevocable waiver of any objection to the laying of venue. *Id.* "Irrevocably" modifies each of the provisions

4

in the clause. *Id.* The court stressed that the language of the clause leads to the "[i]nescapable conclusion that the plaintiff negotiated with the defendant a clear right to establish 'irrevocably' the place where his suit could be filed and heard." *Id.* at 798.

In contrast, the clause here articulates only that the parties "consent to the exclusive jurisdiction" of the state courts of Terrebonne Parish or the federal courts in the Eastern District of Louisiana. Rec. Doc. 6-1 at 2. The word irrevocable is used later in the waiver only in the objection to venue provision. Rec. Doc. 6-1 at 2. Unlike *Waters*, the irrevocable nature of either party's right to establish the forum is absent. Moreover, the usage of the phrase "of such courts" in provision (i), accompanied by the explanatory parenthetical regarding appellate court jurisdiction, indicates that both parties considered federal court jurisdiction possible. Rec. Doc. 6-1 at 2.

Second, the *Waters* clause gave only one party the exclusive right of forum choice while the clause here expresses the rights of both parties. In the *Waters* clause, only the defendant irrevocably agreed to all of the provisions, as only the defendant was named. The court came to the "inescapable conclusion that the plaintiff [had] negotiated with the defendant" the right to choose the forum, and the court would not revoke the plaintiff's bargained-for right. *Waters*, 252 F.3d at 798. In contrast, the provisions in the present case's forum selection clause apply to "each of the parties." Rec. Doc. 6-1 at 2. The plaintiff-only negotiated right of forum choice that implicated a waiver of removal in *Waters* does not exist in this case. Rather, the clause indicates that both parties must consent to jurisdiction in *either* the state or federal courts listed, giving both parties equal forum selection rights. *See City of New Orleans*, 376 F.3d at 505-06 (finding a waiver of removal rights where one party consented to forum choice by the other without any explicit mention of possible federal court jurisdiction); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003)

(finding waiver where there is no explicit mention of a federal court as a possible forum); *Waters*, 252 F.3d at 798 (finding waiver where a federal court is a possible forum choice, but one party must contractually acquiesce to the other's ultimate forum selection).

This Court finds that the forum selection clause adopted by Defendants does not encompass a waiver of the right to remove the action to federal court.  The clause does not evince a clear and unequivocal waiver.  *New Orleans*, 376 F.3d at 504.  It does not give one particular party the right to choose the forum, nor does it establish an exclusive forum outside of the federal courts.  *See Id.* (determining waiver of removal rights by identifying whether the forum selection clause evinces a single-party right to choose the forum and whether the clause establishes an exclusive forum); *see also Waters*, 252 F.3d at 798 (finding language in the clause indicating that only the plaintiff had the exclusive right to determine the forum).

Accordingly,

The Plaintiffs' motion to remand is hereby DENIED.  Rec. Doc. 6.

New Orleans, Louisiana this 22nd day of July, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

6