UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUAL TRUCKING, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2523** |
| **JC INSTRIDE, INC., ET AL.** | **SECTION "C" (3)** |

### ORDER AND REASONS

Before the Court is the *ex parte* motion of defendants JC Instride, Inc. and Unified Oilfield Group, LLC for leave to file cross-claim and counterclaim. Rec. Doc. 33. The record shows that these defendants filed an answer on May 6, 2013, which did not state a cross-claim or counterclaim. Rec. Doc. 5.

Leave to file a cross-claim is governed by Rule 15, just like any other request to amend a responsive pleading. Rule 15 provides for amendment under three circumstances: as a matter of course within a specified time frame, with the opposition's consent, or by leave of the court. Because the defendants' answer did not require a responsive pleading and more than 21 days have passed since it was served on the parties, the time for amendment as a matter of course has already passed in this case. Fed. R. Civ. P. 15(a)(1). The Court will only grant leave to amend a pleading *ex parte* when it is accompanied by the opposing party's written consent, as Rule 15 requires. Fed. R. Civ. P. 15(a)(2). Alternatively, the Court will consider the propriety of amendment to add cross- and counterclaims after the opposing party has been given an opportunity to provide any reasons to deny the amendment. *See Dussouy v. Gulf Coast Inv.*

1

*Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

Accordingly,

IT IS ORDERED that the JC Instride, Inc. and Unified Oilfield Group, LLC's motion for leave to file cross-claim and counterclaim is DENIED without prejudice to refiling in the proper form. Rec. Doc. 33.

New Orleans, Louisiana, this 29th day of October, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE